In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-044 CR


____________________



ROBBIE HUITT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 23091






O P I N I O N


 The trial court found Robbie Huitt guilty of two counts of burglary of a habitation, 
and, after also finding the indictment's enhancement paragraph to be true, sentenced him
to life imprisonment in the Texas Department of Criminal Justice, Institutional Division. 
Huitt brings three issues on appeal.

 In issue one, Huitt contends the evidence is both legally and factually insufficient
to support his conviction for burglary as the State failed to prove the identity element of
the offense beyond a reasonable doubt. In Rohlfing v. State, the Texas Court of Criminal
Appeals explained the test for sufficiency of identification to support a conviction. 
Rohlfing v. State, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981). We must be able to
"conclude from a totality of the circumstances the jury was adequately apprised that the
witnesses were referring to appellant." Id.

 In using the "totality of the circumstances" test, however, Huitt argues the State
should not be allowed to establish identity by relying either on the defendant's having been
indicted or being the only person on trial. Huitt maintains the only evidence of identity
presented by the State was that of Officer Campbell who stated he knew Huitt, met with
him, interviewed him, took him to view burglary locations, and took him to the police
department. Huitt emphasizes that Officer Campbell never testified the Robbie Huitt he
discusses is the same person as the one on trial and the State never requested Campbell to
identify Huitt in court. 

 However, during the guilt/innocence phase of the trial, Officer Campbell testified
he initially brought Huitt into the police station for questioning about vehicle burglaries. 
During that conversation, Huitt mentioned entering a house and taking money from a jar.
Then Cambell testified as follows:

 Question: And this is Mr. Huitt?

 Answer: Yes. This is Mr. Huitt.

 Question: Okay. So, Mr. Huitt went with you and Detective Shurley?

 Answer: Yes.

 Question: And y'all rode around in a car?

 Answer: Yes. (1)

 Added to this testimony is the videotape of Campbell's interview with Huitt. The
videotape, which is part of the "totality of the circumstances,"was played for the trial
court. The tape is itself evidence of Huitt's being the perpetrator of the accused offenses. 
In it, Huitt discussed a detail of one of the offenses that were not previously known to the
investigators and the tape provides a visual image by which the trial court, as the trier of
fact, could compare the physical appearance of the person on the tape identified as Huitt
with that of the person being tried. 

 In addition, Mrs. McCreary, one of the victims, was asked whether she was "in any
way acquainted with the Defendant in this case, Mr. Robbie Huitt?" Mrs. McCreary
replied that, though she did not know him, she had met him. Prior to discovering money
missing from her home, Mrs. McCreary found Huitt standing in her kitchen; he had
entered her home without permission. Huitt asked if he could do yard work for her and
when she said "no," Huitt left.

 Given the totality of the circumstances, we find the State identified Huitt as the
perpetrator beyond reasonable doubt. Issue one is overruled.

 In issue two, Huitt maintains his trial counsel rendered ineffective assistance of
counsel by failing to move for a directed verdict at the close of the State's case when the
State had not proved identity beyond a reasonable doubt. Our decision in issue one
controls here. Issue two is overruled.

 In issue three, Huitt also raises ineffective assistance of counsel because his trial
counsel did not challenge the admissibility of a copy of his videotaped statement. 

 To prevail on this issue, Huitt must demonstrate trial counsel's representation fell
below an objective standard of reasonableness based on prevailing professional norms, and
that, but for counsel's errors, there is a reasonable probability the result of the proceeding
would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim.
App. 1999). Allegations of ineffective assistance must be firmly founded in the record.
See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The presumption of
reasonable effectiveness cannot ordinarily be overcome absent evidence in the record of
the attorney's reasons for his conduct. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). The appellant bears the burden of proving by a preponderance of the
evidence that counsel was ineffective. Thompson, 9 S.W.3d at 813.

 Huitt did not file a motion for new trial and request a hearing to question his trial
counsel; thus, the record is silent as to why appellant's trial counsel failed to object to the
evidence. But, Huitt argues trial counsel could have had no reasonable trial strategy in
failing to object. 

 However, the Texas Court of Criminal Appeals, in considering counsel's failure
to object noted the possibility that 

 counsel at that moment may have reasonably decided that the testimony was
not inadmissible and an objection was not appropriate. For an undetermined
reason, counsel did not object, and only further inquiry will provide the
information necessary to make the proper determination whether he provided
the effective assistance envisioned under the Sixth Amendment.


Thompson, 9 S.W.3d at 814 (emphasis in original). 


 Here, though the State offered a copy of the videotape rather than an original, the
copy is admissible to the same extent as an original unless a question is raised as to the
authenticity of the original or in the circumstances it would be unfair to admit the duplicate
in lieu of the original. Tex. R. Evid. 1003; see also Ballard v. State, 23 S.W.3d 178, 182
(Tex. App.--Waco 2000, no pet.). (2) Huitt does not explain how his trial counsel
successfully could have objected under Rule 1003. He does not contend there were
questions regarding authenticity or there were circumstances making it unfair to admit the
duplicate. Absent an evidentiary hearing in which defense counsel is provided the
opportunity to explain his actions, and in which Huitt is able to fully develop evidence
supporting his claim of ineffective assistance, Huitt cannot overcome the presumption that
counsel rendered reasonably effective assistance. Moreover, Huitt does not establish that
but for counsel's conduct, the result would have been different. Issue three is overruled.

 We affirm the trial court's judgment.


 ________________________________

 DON BURGESS

 Justice


Submitted on July 21, 2003 

Opinion Delivered July 30, 2003

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. During the punishment phase, Officer Campbell, in discussing a contact he had
with Huitt during a pursuit of a vehicle, testified as follows:


 Q.: When you got the subject stopped, did you identify the subject?

 A.: I did.

 Q.: And who was that?

 A.: It was Robbie Huitt.

 Q.: And is he the same person that's here in the courtroom?

 A.: Yes sir. 

 

 Also, during the punishment phase, Huitt admitted committing the burglaries and
apologized. 
2. The Ballard Court recently explained the interplay of pertinent rules of evdence:


 Article X of the Rules of Evidence codifies "what was the common law 'best
evidence' rule." Englund v. State, 946 S.W.2d 64, 67 (Tex. Crim. App.
1997). Rule 1002 states the general proposition that the original of a
recording is required to prove its contents unless otherwise provided. See
TEX.R. EVID. 1002; see also Englund, 946 S.W.2d at 67. Rules 1003 and 
1004 provide exceptions to the general rule. See Hood v. State, 944 S.W.2d
743, 747 (Tex. App.--Amarillo 1997, no pet.); 6 JACK B. WEINSTEIN &
MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE §
1002.04[3] & nn. 8-14 (Joseph M. McLaughlin, ed., 2d ed. Mar.1997). 
The exceptions operate independently of each other. Thus, if the proponent
of a duplicate recording can establish that the proffered evidence fits within
either exception, the duplicate will be admissible notwithstanding the general
rule.


Ballard, 23 S.W.3d at 181.